**UNITED STATES of America,
Appellee,**

v.

**Robert MALONEY, Defendant–
Appellant.**

**Docket No. 03–1753.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 2, 2004.

Decided: April 28, 2005.

**150**

Allan Haber, New York, NY, for defendant-appellant.

Harry A. Chernoff, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Karl Metzner, Assistant United States Attorney, on the brief), New York, NY, for appellee.

Before: JACOBS, POOLER and SOTOMAYOR, Circuit Judges.

SOTOMAYOR, Circuit Judge.

Defendant-appellant Robert Maloney ("appellant" or "Maloney") appeals from a judgment entered in the United States District Court for the Southern District of New York (Preska, J.), sentencing him principally to five months' imprisonment and five months' home confinement for

disobeying a court-ordered child support obligation in violation of 18 U.S.C. § 228. Appellant contends that the district court engaged in impermissible double counting under the United States Sentencing Guidelines Manual ("Guidelines" or "U.S.S.G.")[1] by applying § 2B1.1(b)(7)(C), which provides a two-point enhancement for offenses involving the violation of a prior judicial or administrative order. We reject Maloney's double counting argument and affirm the district court's calculation of his Guidelines sentence. In light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, we remand the case to the district court for proceedings consistent with *Booker* and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005).

## BACKGROUND

In March 1991, the Bronx County Family Court entered an order requiring Maloney to make bi-weekly child support payments of approximately $250 to the Commissioner of Social Services of the City of New York. The Commissioner was to collect these payments on behalf of Maloney's wife, a then-recipient of public assistance who was the custodial parent of Maloney's two children. When Maloney failed to make the required payments, his wages were garnished. Upon Maloney's request, however, the family court amended its payment order in 1994 to reduce the support obligation to weekly payments of $70.[2] Like the original order, the amended order expressly warned that a "willful failure to obey th[e] order [could] result in incarceration for criminal nonsupport or contempt."

---

1. We refer in this opinion to the version of the Guidelines effective as of November 5, 2003.

2. Though the Presentence Investigation Report states that the support obligation was adjusted to $70 *bi*-weekly, the order itself, which Maloney has included in the appendix to his brief, specifies that he was to make *weekly* payments of $70.

Maloney moved to Florida in 1995, where over the course of several years he accumulated debts exceeding $30,000—not including money owed in child support. By the time he was charged in a criminal complaint in the summer of 2002, Maloney had not made a single voluntary payment of child support since the family court issued its original support order, and had not made payments by wage garnishment for at least seven years. He owed at that time over $46,000 in child support.

On July 15, 2003, Maloney pled guilty to charges that he willfully failed to pay court-ordered child support in violation of 18 U.S.C. § 228(a)(3) and (c)(2).[3] Before sentencing, the United States Probation Office ("Probation Office") prepared a Presentence Investigation Report ("PSR") in accordance with the November 2003 Guidelines. The Probation Office determined that pursuant to U.S.S.G. § 2J1.1 and its Application Note 2, Maloney should be sentenced under U.S.S.G. § 2B1.1. The Office recommended a base offense level of six pursuant to § 2B1.1(a); an increase of six levels under § 2B1.1(b)(1)(D) because the amount owed was more than $30,000 but less than $70,000; an increase of two levels under § 2B1.1(b)(7)(C) because the offense involved the violation of a prior judicial order; and a reduction of two levels under § 3E1.1(a) for acceptance of responsibility. Because Maloney was in Criminal History Category I, the calculation of an offense level of twelve yielded a recommended Guidelines range of ten to sixteen months' imprisonment.

In response to the PSR, Maloney's counsel submitted a letter to the district court arguing, *inter alia*, that the two-level enhancement proposed by the Probation Office under § 2B1.1(b)(7)(C) constituted impermissible double counting. In the alternative, Maloney sought a downward departure of two levels based on a combination of factors, including Maloney's cooperation with government officials and the financial consequences that would befall his children if he were incarcerated and unable to work. After receiving a response letter from the government and hearing oral argument on Maloney's sentencing objections, the district court adopted the recommendations of the Probation Office and sentenced Maloney to five months' incarceration to be followed by one year of supervised release, of which five months would be spent in home confinement. Maloney filed a timely appeal.

## DISCUSSION

Maloney's primary contention on appeal is that a two-point enhancement pursuant to § 2B1.1(b)(7)(C) constitutes impermissible double counting when applied to enhance the sentence of a defendant convicted under 18 U.S.C. § 228, because the conduct triggering the enhancement—violation of a court order—is already taken into account in setting the base offense level of the charged crime. We review *de novo* a district court's interpretation of the

---

**3.** 18 U.S.C. § 228 provides in relevant part:

  (a) Offense.—Any person who—

  . . .

    (3) willfully fails to pay a support obligation with respect to a child who resides in another State, if such obligation has remained unpaid for a period longer than 2 years, or is greater than $10,000; shall be punished as provided in subsection (c).

  . . .

  (c) Punishment.—The punishment for an offense under this section is—

  . . .

    (2) in the case of an offense under paragraph (2) or (3) of subsection (a), or a second or subsequent offense under subsection (a)(1), a fine under this title, imprisonment for not more than 2 years, or both.

Guidelines. *See United States v. Meskini,* 319 F.3d 88, 91 (2d Cir.2003). We reach the double counting issue notwithstanding the fact that the Guidelines are now only advisory, *see Booker,* 125 S.Ct. at 756–57, because the district court on remand remains under an obligation to consider "the sentence that would have been imposed under the Guidelines." *Crosby,* 397 F.3d at 113; *see id.* at 111 ("In order to fulfill [its] statutory duty to 'consider' the Guidelines, a sentencing judge will normally have to determine the applicable Guidelines range."). Our resolution of Maloney's double counting objection on appeal will assist the district court in fulfilling that obligation.

Though no Guidelines provision has been promulgated specifically for violations of a child support obligation, Appendix A of the Guidelines provides that sentences for offenses under 18 U.S.C. § 228 should be determined in accordance with U.S.S.G. § 2J1.1. Section 2J1.1, entitled "Contempt," provides that courts should apply U.S.S.G. § 2X5.1, entitled "Other Offenses." Section 2X5.1, in turn, instructs courts to apply the "most analogous offense guideline." Pursuant to Application Note 2 of § 2J1.1, the most analogous guideline for offenses involving violations of 18 U.S.C. § 228 is U.S.S.G. § 2B1.1, the section that encompasses crimes involving theft, property destruction and fraud. Importantly, the Guidelines also provide that the incorporation of a guideline by cross-reference requires incorporation of the "entire" cross-referenced guideline, including "the base offense level, specific offense characteristics, cross references, and special instructions." U.S.S.G. § 1B1.5.[4] Thus, through these various provisions, the Guidelines unmistakably provide that courts imposing sentences for offenses involving the willful failure to pay court-ordered child support under 18 U.S.C. § 228 should apply the general fraud guideline, § 2B1.1, including its enhancement provisions.

Maloney argues that application of the two-point enhancement under § 2B1.1(b)(7)(C) is nevertheless inappropriate because the conduct justifying that enhancement is already considered in setting the base offense level under § 2B1.1(a). That is, because violation of the child support obligation is precisely what triggers application of the base offense level provision, Maloney contends that the district court engaged in impermissible double counting by adding a two-point enhancement for the same conduct. We have repeatedly held, however, that a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission. While such calculations may involve "double counting" in a literal sense, they do not involve *impermissible* double counting.[5] *See, Meskini,* 319 F.3d

---

**4.** Maloney suggests that § 1B1.5 does not apply here because it is a "generic provision." He does not cite—and we do not find—any statute, case or Guidelines provision that supports this argument.

**5.** We recognize that *Booker* substantially alters what will ultimately be considered "permissible" and "impermissible" in sentencing. *See Booker,* 125 S.Ct. at 756–57 (holding that Guidelines sentences are no longer mandatory). For the purposes of analyzing Maloney's double counting argument, we use these terms only to designate what is permissible or impermissible in calculating a *Guidelines sentence.* In other words, we use the terms to describe what the district courts may and may not do in calculating the sentence that would have been imposed under mandatory Guidelines. We do not express any view on what would be permissible in imposing a non-Guidelines sentence in cases in which a district court chooses to deviate from the applicable Guidelines range.

at 91 ("This court has repeatedly recognized that it is within the Sentencing Commission's and Congress's prerogative to adopt double counting.... Impermissible double counting is the *judicial* augmentation of a defendant's sentence in contravention of the applicable statute or Sentencing Guideline." (citations and internal quotation marks omitted)); *United States v. Aska*, 314 F.3d 75, 78 (2d Cir. 2002); *United States v. Torres-Echavarria*, 129 F.3d 692, 699 (2d Cir.1997); *see also United States v. Pedragh*, 225 F.3d 240, 247 (2d Cir.2000) (explaining that "double counting ... is certainly not improper if it serves a legitimate purpose intended by Congress and the Sentencing Commission"). Here, as noted, Congress and the Sentencing Commission have clearly instructed that judges imposing sentences for violation of 18 U.S.C. § 228 should apply U.S.S.G. § 2B1.1 in its entirety, including both the base offense level set by § 2B1.1(a) and the enhancements—of which § 2B1.1(b)(7)(C) forms part.[6] *See* U.S.S.G. § 1B1.5.

Moreover, we have consistently held that double counting is permissible in calculating a Guidelines sentence where, as here, each of the multiple Guidelines sections applicable to a single act serves a

distinct purpose or represents a discrete harm. *See United States v. Castellanos*, 355 F.3d 56, 60 (2d Cir.2003) (holding that "a district court may base two aspects of a Guidelines calculation on a single act where they serve different purposes"); *United States v. Volpe*, 224 F.3d 72, 76 (2d Cir.2000) ("[M]ultiple adjustments may properly be imposed when they aim at different harms emanating from the same conduct."); *United States v. Shepardson*, 196 F.3d 306, 313 (2d Cir.1999) (finding no impermissible double counting where "the enhancement and base offense level each penalize[d] conceptually distinct notions related to sentencing"); *United States v. Campbell*, 967 F.2d 20, 25 (1992) ("[D]ouble counting is legitimate where a single act is relevant to two dimensions of the Guidelines analysis."). The principal harm resulting from violations of 18 U.S.C. § 228 is, of course, the harm inflicted on the child and custodial parent, who do not receive the payments owed to them by the defendant parent or guardian. Because this harm is in some respect analogous to the harm occasioned by fraud or theft due to the financial loss of the victim, it is understandable that the Sentencing Commission designated § 2B1.1 as the "most

---

**6.** Despite the Guidelines' clear instructions, Maloney claims that the relevant provisions are ambiguous, and that we should resolve this ambiguity in his favor in accordance with the rule of lenity. *See United States v. Simpson*, 319 F.3d 81, 86 (2d Cir.2002) (holding that rule of lenity, providing that ambiguities in criminal statutes should be resolved in favor of defendants, applies to the Guidelines). His claim of ambiguity relies entirely on the amendments to § 2J1.1's Application Notes. Note 3 now provides that the two-point enhancement under § 2B1.1(b)(7)(C) will ordinarily apply in cases "involving violation of a judicial order enjoining fraudulent behavior." Application Note 2, which pertains to violations of 18 U.S.C. § 228, contains no analogous statement. Maloney claims that this omission from Note 2, when

considered in conjunction with Note 3, creates ambiguity as to whether the two-point enhancement applies to violations of child support obligations. We disagree. The omission cited by Maloney is just that: an omission. There is no language in the Guidelines or relevant statutes that negates or undermines the meaning of other applicable (and unambiguous) Guidelines provisions—most importantly, § 1B1.5. The rule of lenity therefore does not apply. *See United States v. Canales*, 91 F.3d 363, 367–68 (2d Cir.1996) ("The rule [of lenity] is inapplicable unless 'after a court has seize[d][on] every thing from which aid can be derived, it is still left with an ambigu[ity].'" (last three alterations in original) (quoting *Chapman v. United States*, 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991))).

analogous" Guideline provision. U.S.S.G. § 2J1.1, cmt. n.2. A defendant who violates 18 U.S.C. § 228 inflicts a different sort of harm, however, on the state, which has a general interest in ensuring that individuals do not evade the orders issued by its courts and administrative agencies. *Cf. Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) ("A State's interest in the contempt process, through which it vindicates the regular operation of its judicial system, ... is surely an important interest." (citation and internal quotation marks omitted)); *United States v. Petito*, 671 F.2d 68, 72 (2d Cir.1982) ("The public interest in orderly government demands respect for compliance with court mandates."). Section 2B1.1's base offense level provision, which applies to a wide variety of crimes such as fraud and forgery that do not involve violation of a court order, does not itself account for this harm. Thus, it is only through the two-point enhancement under § 2B1.1(b)(7)(C) that the Guidelines penalize the harms inflicted on the state's adjudicative processes by a defendant who violates 18 U.S.C. § 228.[7]

The only other circuit court to address this issue reached the same conclusion. *See United States v. Phillips*, 363 F.3d 1167, 1169 (11th Cir.2004) (per curiam). In *Phillips*, the Eleventh Circuit explained that while the Sentencing Commission "could have created a separate guideline for willful failure to pay child support with a base offense [higher than six]," it was rational for the Commission instead "to use § 2B1.1 to establish a base offense level of six for the culpability incident to offenses involving larceny, embezzlement,

and other forms of theft," and then to provide a two-point enhancement "to reflect the heightened seriousness of a violation of a court order." *Id.* at 1169 (citation and internal quotation marks omitted). We agree with this analysis.

*United States v. Rosario*, 7 F.3d 319 (2d Cir.1993) (per curiam), on which Maloney relies, does not alter our conclusion. In *Rosario*, we rejected a double counting challenge to a district court's application of an enhancement under § 2B3.1(b)(4)(B) for physical restraint during robbery. In doing so, we noted that "[a]pplication of the enhancement for physical restraint is proper as long as restraint is not an element of the primary offense for which the defendant is being sentenced, and it therefore does not result in double counting offense conduct toward sentencing." *Id.* at 321. Taken out of context, this language may seem to suggest that double counting of primary offense conduct is *per se* impermissible in calculating a Guidelines sentence. Such a conclusion, however, would be irreconcilable with our case law. *See, e.g., Aska*, 314 F.3d at 78; *Volpe*, 224 F.3d at 76. A proper reading of the above-quoted language from *Rosario* makes clear that we were referring only to circumstances in which the Guidelines do not specifically contemplate that multiple provisions will apply to the same conduct. In such circumstances, district courts calculating a Guidelines sentence must be careful not to apply enhancements based on harms that have already been fully accounted for by another Guidelines provision. *Rosario* does not, however, prohibit district courts from applying mul-

---

7. Notably, one of the several Guidelines provisions to which a court must refer in imposing sentence for offenses under 18 U.S.C. § 228 is entitled "Contempt." U.S.S.G. § 2J1.1. This suggests that Congress and the Sentencing Commission specifically intended to punish not only the harms to the child and custodial parent caused by evasion of a support obligation, but also the harms to the state's adjudicative processes caused by a defendant who violates a court order.

tiple Guidelines provisions to account for multiple harms emanating from the same conduct, or from otherwise engaging in double counting where Congress and the Sentencing Commission have unambiguously provided for it.

In sum, because the Guidelines clearly provide for the application of both § 2B1.1(a) and § 2B1.1(b)(7)(C) to defendants who violate 18 U.S.C. § 228, and because each of these Guidelines provisions accounts for a distinct harm and serves its own purpose, we hold that the district court correctly calculated Maloney's Guidelines sentence. *See also Phillips,* 363 F.3d at 1168–69.

Finally, we address Maloney's claim, raised for the first time on appeal, that in light of *Blakely v. Washington,* —— U.D. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), courts must use the Guidelines only as an aid, and not as a mandate, in setting appropriate sentences. The Supreme Court adopted precisely this position in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which was decided subsequent to oral argument in the instant case. *See also United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005). In light of *Booker* and *Crosby,* we remand the case to allow the district court to consider whether resentencing is warranted, and if so, to resentence. *See also United States v. D'Oliveira,* 402 F.3d 130, 133 (2d Cir.2005) (affirming Guidelines calculation but remanding in accordance with *Booker* and *Crosby* ).

### CONCLUSION

For the foregoing reasons, the judgment of the district court is **AFFIRMED IN PART** and the case **REMANDED** for proceedings consistent with *Booker* and *Crosby.*[8]

---

**8.** Any appeal taken from the district court following this remand can be initiated only by filing a new notice of appeal. *See* Fed. R.App. P. 3, 4(b). A party will not waive or forfeit any appropriate argument on remand or any appeal post-remand by not filing a petition for rehearing of this opinion.