v.

Ismael GENAO, Defendant–Appellant.

No. 06–0573–cr.

United States Court of Appeals,
Second Circuit.

March 16, 2007.

Ismael Genao, pro se, for Appellant.

John P. Collins Jr., Assistant United States Attorney, for Michael J. Garcia, United States Attorney for the Southern District of New York (Jonathan B. New, Harry Sandick, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, COLLEEN McMAHON,* District Judge.

Defendant-appellant Ismael Genao appeals pro se the judgment of conviction entered on March 25, 2005, by the United States District Court for the Southern District of New York (Robinson, *J.*), following a jury verdict finding Genao guilty of advertising child pornography in interstate commerce in violation of 18 U.S.C. § 2251(c)[1] and transporting child pornography in interstate commerce in violation of 18 U.S.C. § 2252A(a)(1). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Genao raises six constitutional challenges to Section 2251(c): (1) the statute is vague; (2) the statute is overbroad; (3) the statute violates the First Amendment; (4) the statute violates the Eighth Amendment; (5) the statute violates the Commerce Clause; and (6) the statute creates a "strict liability" crime. We find no merit to any of these challenges and reject each of them. We also reject each of Genao's constitutional challenges to the mandatory special assessment issued by the District Court pursuant to 18 U.S.C. § 3013. We further reject Genao's claim that U.S.S.G. § 2G2.2(b)(1), (3), and (5) violate the Due Process Clause of the Fifth Amendment.[2]

■ We also reject Genao's argument that there was insufficient evidence to support a conviction under Section 2252A. Viewing the evidence in the light most favorable to the government, *see United States v. Giovanelli*, 464 F.3d 346, 349 (2d Cir.2006), we find more than sufficient evidence to support the jury's verdict that Genao knowingly transported child pornography in interstate commerce. Contrary to Genao's belief, the fact that he was not physically sitting in front of his computer and directly interacting with the undercover agent who downloaded these files from his server does not relieve him of responsibility under Section 2252A. We also find no merit to each of Genao's arguments purportedly supporting dismissal of the indictment.

■ We further reject Genao's argument that the evidence seized from his home and computer should have been suppressed. With regard to the downloading of files from Genao's servers by the undercover agent, this did not constitute a warrantless search and seizure because Genao made these files available to the public. *See United States v. Fields*, 113 F.3d 313, 321 (2d Cir.1997) (holding that "what a person chooses voluntarily to ex-

---

* The Honorable Colleen McMahon, United States District Judge for the Southern District of New York, sitting by designation.

1. This provision is now codified at 18 U.S.C. § 2251(d).

2. We note that the facts supporting each of the sentencing enhancements imposed in this case under these provisions were found by the jury beyond a reasonable doubt.

pose to public view thereby loses its Fourth Amendment protection"). We have reviewed each of the purported defects with the search warrant raised by Genao in his brief, and find none merit suppression of the evidence at issue. In addition, to the extent Genao appeals the District Court's denial of his request for a *Franks* hearing, we find no merit to that claim. *See Franks v. Delaware,* 438 U.S. 154, 155–56, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) (requiring evidentiary hearing only when defendant has made a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit" and that "the allegedly false statement is necessary to the finding of probable cause").

We further reject Genao's request for a new trial on the basis that (1) the District Court testified against him; (2) the District Court closed an important portion of the voir dire proceedings to the public; (3) certain jury instructions were erroneous; and (4) the government improperly used Genao's post-*Miranda* silence against him. We have carefully reviewed the record and find no support for any of these allegations.

Finally, we reject Genao's argument that the District Court improperly "double-counted" in sentencing Genao near the top of the Guidelines range. Genao relies on this Court's decision in *United States v. Maloney,* 406 F.3d 149 (2d Cir. 2005), but as *Maloney* makes clear: "We have repeatedly held ... that a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission. While such calculations may involve 'double counting' in a literal sense, they do not involve *impermissible* double counting." *Id.* at 152 (emphasis in original).

For the foregoing reasons, we AFFIRM the judgment of the District Court.