**UNITED STATES of America,**
**Appellee,**

v.

**Gary L. JOHN, Defendant–Appellant.**

**No. 07–3120–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 8, 2008.

Robert B. Mann, Mann & Mitchell, Providence, RI, for Appellant.

Anthony E. Kaplan, Assistant United States Attorney (Kevin J. O'Connor, United States Attorney, District of Connecticut, on the brief, William J. Nardini, of counsel), United States Attorney's Office for the District of Connecticut, New Haven, CT, for Appellee.

Present: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant–Appellant Gary L. John appeals from an amended judgment of conviction entered on August 10, 2007, in the United States District Court for the District of Connecticut (Hall, *J.*), sentencing him principally to 30 months' imprisonment.

We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. The State of Rhode Island issued multiple arrest warrants for John in connection with his alleged violations of no-contact and protective orders obtained by his ex-wife. Law enforcement eventually located John in Stratford, Connecticut. Evidence at trial showed that during his arrest on December 8, 2005, John struck Deputy United States Marshal M. James Masterson. After a jury trial, John was convicted of felony assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1).

At sentencing, the District Court determined that John's base offense level under the Guidelines was ten, pursuant to U.S.S.G. § 2A2.4(a) ("Obstructing or Impeding Officers"). The District Court then imposed a three-level enhancement, pursuant to U.S.S.G. § 2A2.4(b)(1)(A), because John's offense involved physical contact. The resulting offense level was 13.

On appeal, John argues that the District Court engaged in impermissible double counting when it enhanced his sentence. Specifically, John contends that because

physical contact is an element of his crime of conviction, contact was already accounted for in his base offense level of ten; the enhancement therefore punished him twice for the same conduct.

We review *de novo* a district court's interpretation of the Guidelines. *United States v. Pedragh,* 225 F.3d 240, 242 (2d Cir.2000).

"Impermissible double counting occurs when one part of the guidelines is applied to increase a defendant's sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." *United States v. Napoli,* 179 F.3d 1, 12 n. 9 (2d Cir.1999) (internal quotation marks omitted). "Impermissible 'double counting' is the *judicial* augmentation of a defendant's sentence in contravention of the applicable statute or Sentencing Guideline." *United States v. Torres–Echavarria,* 129 F.3d 692, 699 (2d Cir.1997).

There was no double counting here, because "each of the [two] Guidelines sections applicable to [John's] single act serves a distinct purpose or represents a discrete harm." *United States v. Maloney,* 406 F.3d 149, 153 (2d Cir.2005).

The offense of conviction is found in 18 U.S.C. § 111, which punishes three categories of conduct: "(1) simple assault, which, in accord with the common-law definition, does not involve touching; (2) 'all other cases,' meaning assault that does involve contact but does not result in bodily injury or involve a weapon; and (3) assaults resulting in bodily injury or involving a weapon." *United States v. Chestaro,* 197 F.3d 600, 606 (2d Cir.1999). John was convicted of conduct in the second category.

Section 2A2.4(a) of the Guidelines provides the base offense level for all three categories of conduct under 18 U.S.C. § 111 (along with myriad other federal crimes). See U.S.S.G.App. A (listing numerous statutory crimes for which U.S.S.G. § 2A2.4 provides the base offense level). John's base offense level therefore did not take into account the additional harm caused by physical contact; the three-level enhancement for physical contact did. Although the physical contact results in both a higher statutory maximum and a higher Guidelines sentence, that is not double counting—*i.e.,* it is not applying "one part of the guidelines ... to increase [John's] sentence to reflect the kind of harm that has already been fully accounted for by another part of the guidelines." *Napoli,* 179 F.3d at 12 n. 9.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**