09-0851-cr
USA v. Ware

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 4th day of November, two thousand ten.

Present:    ROBERT A. KATZMANN,
            PETER W. HALL,
                        *Circuit Judges*,
            BARBARA S. JONES,
                        *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

                    - v. -                    No. 09-0851-cr

THOMAS WARE, also known as Ulyssess Thomas Ware,

                    *Defendant-Appellant*.

_____

For Defendant-Appellant:              Thomas Ware, *pro se*, Atlanta, GA

For Appellee:                         Sarah E. Paul, Assistant United States Attorney
                                      (Maria E. Douvas, Katherine Polk Failla,
                                      Assistant United States Attorneys, *of counsel*),

---

[*] Judge Barbara S. Jones of the United States District Court for the Southern District of New York, sitting by designation.

*for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Sweet, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Thomas Ware appeals from a January 27, 2009 judgment of the United States District Court for the Southern District of New York (Sweet, *J.*), convicting him, following a jury trial, of criminal contempt for disobeying and resisting three lawful orders entered by the Honorable Leonard B. Sand in a civil lawsuit, *Alpha Capital Aktiengesellschaft v. Group Management Corp.*, No. 02 Civ. 2219 (LBS). We assume the parties' familiarity with the facts and procedural history of the case.

Ware appeals his conviction and sentence on numerous grounds, chief among them that (1) the evidence supporting his convictions was insufficient; (2) the district court committed reversible error in its evidentiary rulings; (3) the government colluded with the Securities and Exchange Commission ("SEC") and improperly introduced "immunized" testimony at trial; (4) the district court committed procedural error at sentencing; and (5) Ware received ineffective assistance of counsel at trial and sentencing.

At the outset, we note that Ware's threshold challenge to this Court's subject matter jurisdiction lacks merit, and reject it as yet another attempt by the defendant to relitigate the judgment entered in the civil action. *See, e.g.*, *United States v. Ware*, No. 09-0851-cr (2d Cir. Nov. 13, 2009) (order clarifying July 21, 2009 order denying motion to dismiss criminal indictment).

2

Turning to the substance of the appeal itself, we review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the Government. *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008). An appellant "bears a heavy burden" in challenging the sufficiency of the evidence. *Id.* Reviewing the record, we find no basis to disturb the jury's finding that the essential elements of criminal contempt, *see United States v. Lynch*, 162 F.3d 732, 734 n.2 (2d Cir. 1998), were established beyond a reasonable doubt, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). That Ware contends that he was unable to comply with the orders, because doing so would subject him to criminal liability for violating securities laws, is not a valid defense because "the fact that an order might have been subject to reversal is not a defense to a criminal contempt charge." *In re Criminal Contempt Proceedings Against Crawford*, 329 F.3d 131, 139 (2d Cir. 2003); *see also United States v. United Mine Workers*, 330 U.S. 258, 293 (1947).

This Court reviews the district court's evidentiary rulings for abuse of discretion, *United States v. Stewart*, 590 F.3d 93, 133 (2d Cir. 2009), and finds none here. Ware objects that the district court improperly precluded him from asserting a defense of legal impossibility and from cross-examining witnesses in an effort to elicit testimony on said defense. Since legal impossibility is not a valid defense, *see In re Criminal Contempt Proceedings Against Crawford*, 329 F.3d at 139, this Court finds no abuse of discretion in preventing admission of evidence that was irrelevant, *see* FED. R. EVID. 402, or whose probative value was outweighed by its capacity to mislead or confuse the jury, *see* FED. R. EVID. 403. Nor was it an abuse of discretion to impose similar limits on cross-examination. *See Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986) ("[T]rial judges retain wide latitude . . . to impose reasonable limits on such

3

cross-examination based on concerns about . . . confusion of the issues . . . or interrogation that is repetitive or only marginally relevant."); *United States v. Crowley*, 318 F.3d 401, 417 (2d Cir. 2003) (quoting *Van Arsdall*, 475 U.S. at 679).

The district court also did not abuse its discretion in admitting Government Exhibits 1 and 5, as they were admitted through a witness who testified to having personal knowledge of the documents, and thus a reasonable juror could find that the documents were authentic. *See* FED. R. EVID. 901(a); *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001). Nor were Government Exhibits 52 and 56 inadmissible hearsay, as Ware contends, because the documents were not offered for the truth of any statement contained therein, but rather, to demonstrate that Ware had received requests to convert portions of a loan to stock. *See* FED. R. EVID. 801(c); *see also United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999).

As to Ware's arguments concerning the admission of purportedly immunized testimony, nothing in the record before us suggests that the SEC immunized Ware's testimony in its civil investigation, and thus Ware could not meet his burden to obtain a hearing pursuant to *Kastigar v. United States*, 406 U.S. 441 (1972). Nor does the record present any basis for finding that the SEC conducted a civil investigation in bad faith to gather evidence for the government's criminal prosecution. *See, e.g.*, *United States v. Fiore*, 381 F.3d 89, 94 (2d Cir. 2004) ("[T]here is no general rule preventing the SEC's sharing of evidence acquired through civil discovery with criminal prosecutors.").

Turning next to Ware's appeal of his sentence, he argues that the district court erred in its loss calculation and improperly imposed two different two-level sentencing enhancements. A district court's factual findings as to loss must be established by a preponderance of the

4

evidence, but the court "need only make a reasonable estimate of the loss, given the available information." *United States v. Uddin*, 551 F.3d 176, 180 (2d Cir. 2009) (internal quotation marks omitted). "We review the district court's factual findings on loss for clear error," *id.* (internal quotation marks omitted), and find no such error here in the district court's determination that the loss amount was $1.1 million. Ware's arguments that the loss calculation should be offset by three conversion requests honored by him in June 2003 or by his company's bankruptcy filings are unpersuasive, as the Sentencing Guidelines state that loss shall be reduced by "money returned, and the fair market value of the property returned and the services rendered, by the defendant or other persons acting jointly with the defendant, to the victim before the offense was detected." U.S.S.G. § 2B1.1 cmt. 3(E)(i). Testimony at trial established that the only money returned to plaintiffs that could offset the loss calculation was approximately $34,000 in stock, which would result in a net loss of $1,065,500, a figure that still exceeds the $1 million threshold for the sentencing enhancement.

Ware's objections to the other enhancements warrant only brief discussion. Ware's argument that the district court's imposition of a two-level enhancement for violation of a prior judicial order constitutes impermissible double-counting is firmly foreclosed by this Court's decision in *United States v. Maloney*, 406 F.3d 149 (2d Cir. 2005). The district court's determination that Ware used his skills as an attorney with a background in securities law to facilitate his refusal to comply with the orders is not clearly erroneous. *See, e.g.*, *United States v. Reich*, 479 F.3d 179, 191–92 (2d Cir. 2007) (upholding enhancement for attorney who forged court order).

Finally, Ware argues that he was denied effective assistance of counsel at trial and sentencing. While ineffective assistance of counsel claims are better addressed in a § 2255 motion, *e.g.*, *Massaro v. United States*, 538 U.S. 500, 504 (2003), we will decide such claims on direct appeal if the resolution is "beyond any doubt" or "in the interest of justice," *United States v. Gaskin*, 364 F.3d 438, 467–68 (2d Cir. 2004) (internal quotation marks omitted). Such is the case here. Ware proceeded *pro se* at trial, having terminated his privately retained attorney several months earlier, and thus he cannot claim his former attorney failed to undertake his defense, *see Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), much less show that his former attorney's performance in any way prejudiced him at trial, *see Strickland v. Washington*, 466 U.S. 668, 694 (1984). Ware's complaint of ineffective assistance of counsel for standby counsel at trial or sentencing is equally unavailing, because there is no constitutional right to standby counsel. *Clark v. Perez*, 510 F.3d 382, 395 (2d Cir. 2008). "[W]ithout a constitutional right to standby counsel, a defendant is not entitled to relief for the ineffectiveness of standby counsel." *United States v. Morrison*, 153 F.3d 34, 55 (2d Cir. 1998).

We have considered Ware's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED.**

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

6