12-3162-cr
United States v. Kontogiannis (Michael)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of June, two thousand thirteen.

Present:
> RALPH K. WINTER,
> PETER W. HALL,
> GERARD E. LYNCH,
> > *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                                 No. 12-3162-cr

Thomas Kontogiannis, *et al*.,

> *Defendants*,

John T. Michael,

> *Defendant-Appellant*.

---

FOR APPELLANT:          Raymond R. Granger and Howard B. Zakai, Granger & Associates LLC, New York, NY.

1

FOR APPELLEE:           Susan Corkery, Shannon C. Jones, Rena Paul, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J*.).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Defendant-Appellant John T. Michael appeals from the district court's judgment convicting him of conspiring to commit bank and wire fraud and sentencing him, in relevant part, to a prison term of 12 months and 1 day. On appeal, Michael argues that the district court erroneously considered, as factors weighing in favor of a longer sentence, his prior convictions from the Southern District of California or the conduct underlying those convictions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the specific issues raised on appeal.

We generally review a district court's sentencing decisions for both substantive and procedural reasonableness.[1] *United States v. Villafuerte*, 502 F.3d 204, 206 (2d Cir. 2007). "Reasonableness review is similar to review for abuse of discretion and may require reversal when the district court's decision cannot be located within the range of permissible decisions or is based on a legal error or clearly erroneous factual finding." *Id*. (internal quotation marks omitted). "Substantive reasonableness involves the length of the sentence imposed in light of the factors enumerated under 18 U.S.C. § 3553(a)," while "[p]rocedural reasonableness concerns the procedures a district court employs in arriving at a sentence." *Id*.

---

[1] The parties dispute whether Michael's arguments should be reviewed for plain error under Fed. R. Crim. P. 52(b). Because we find that Michael's arguments are meritless under the more lenient reasonableness standard of review, we decline to resolve this issue.

Here, the district court was explicitly permitted to consider Michael's prior convictions in the Southern District of California and the conduct underlying those convictions pursuant to 18 U.S.C. § 3553(a)(1), which required the court to fashion its sentence based on "the nature and circumstances of the offense and the history and characteristics of the defendant." Contrary to Michael's assertion, he was not thereby punished twice for the same conduct. *See, e.g., Witte v. United States*, 515 U.S. 389, 397 (1995) (rejecting the notion that "consideration of uncharged conduct in arriving at a sentence within the statutorily authorized punishment range constitutes 'punishment' for that conduct"); *Williams v. New York*, 337 U.S. 241, 247 (1949) ("Highly relevant—if not essential—to [the sentencing court's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics."). A different conclusion is not warranted by the district court's finding that the conduct underlying Michael's Southern District of California convictions was part of the instant offense and thus played a role in calculating his total offense level under the Sentencing Guidelines. *Cf. United States v. Maloney*, 406 F.3d 149, 152 (2d Cir. 2005) ("We have repeatedly held . . . that a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission.").

Moreover, contrary to Michael's assertion, the district court's consideration of his Southern District of California convictions did not constitute "impermissible double counting." "Impermissible 'double counting' is the judicial augmentation of a defendant's sentence in contravention of [an] applicable statute or Sentencing Guideline." *United States v. Torres-Echavarria*, 129 F.3d 692, 699 (2d Cir. 1997) (emphasis omitted). Not surprisingly, Michael

fails to identify a particular statute or Guideline that the district court violated by treating the convictions at issue as factors weighing in favor of a longer sentence.

Finally, the district court did not create an unwarranted sentence disparity between Michael and codefendant Thomas Kontogiannis by finding that Michael's Southern District of California convictions weighed in favor of a longer sentence without making a corresponding finding in sentencing Kontogiannis. While a district court may consider "similarities and differences among co-defendants" as a factor in imposing a sentence, it is not required to, and it need not engage in perfectly parallel analyses of personal and historical traits when sentencing co-defendants. *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007), *abrogated on other grounds by United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2009) (en banc).

Nor does the substantive difference between Michael's and Kontogiannis's sentences establish an unwarranted disparity. "[E]ven assuming *arguendo* that 18 U.S.C. § 3553(a)(6) can support a reduced sentence designed to eliminate or diminish disparity between the sentences imposed on co-defendants, those co-defendants would have to be similarly situated because the provision mandates that sentencing judges take into account '*unwarranted* sentence disparities among defendants with *similar* records who have been found guilty of *similar* conduct.'" *United States v. Fernandez*, 443 F.3d 19, 31-32 (2d Cir. 2006) (footnote omitted) (emphasis in *Fernandez*) (quoting 18 U.S.C. § 3553(a)(6)). As Michael himself recognizes, he and Kontogiannis were neither similarly situated nor treated as such by the district court. Thus, there is no basis for concluding that the disparity between the sentences of Michael and Kontogiannis was unwarranted. To the extent that Michael intends to argue that the disparity between the two sentences at issue should have been even greater, he has not cited any relevant legal authority for such an argument.

4

We have considered Michael's remaining arguments on appeal and find them to be without merit.  Accordingly, the judgment of the district court is AFFIRMED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk