17-2013-cr
*United States v. Thomas*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand eighteen.

Present:
      PETER W. HALL,
      SUSAN L. CARNEY,
         *Circuit Judges,*
      JOHN G. KOELTL,
         *District Judge.*[*]

_____

United States of America,

      *Appellee,*

v.                                       17-2013-cr

Alfred Thomas, AKA Merc,

      *Defendant-Appellant.*

_____

*For Appellee*:          RAJIT S. DOSANJH, Assistant United States Attorney, *for* Grant C. Jaquith, United States Attorney for the Northern District of New York, Syracuse, NY.

---

[*] John G. Koeltl, United Stated District Judge for the Southern District of New York, sitting by designation.

1

17-2013-cr
*United States v. Thomas*

*For Defendant-Appellant*:   DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

Appeal from a judgment entered June 8, 2017, in the Northern District of New York (Sannes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Alfred Thomas appeals from the judgment of the district court sentencing him to 115 months imprisonment for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). We assume the parties' familiarity with the underlying facts, the procedural history, the arguments presented on appeal, and the district court's rulings.

Thomas first asserts that the district court erred by departing upward pursuant to § 5K2.6 of the United States Sentencing Guidelines because the court based that upward departure on facts that the applicable Guidelines already addressed in § 5K2.1(c)'s cross-reference provision. Because Thomas did not raise this argument to the district court, we review it for plain error only. *See United States v. Inserra*, 34 F.3d 83, 90 n.1 (2d Cir. 1994). Under that standard of review, we will not remand for resentencing unless there is (1) an error (2) that is plain and (3) that affects substantial rights. *United States v. Sofsky*, 287 F.3d 122, 125 n.2 (2d Cir. 2002). Even if those conditions are met, we will exercise our discretion to correct the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

"[D]istrict courts [are authorized] to depart in cases that feature aggravating or mitigating circumstances of a kind or degree not adequately taken into consideration by the [Sentencing] Commission." *Koon v. United States*, 518 U.S. 81, 94 (1996). "The Commission provides considerable guidance as to the factors that are apt or not apt to make a case atypical, by listing certain factors as either encouraged or discouraged bases for departure." *Id.* "Encouraged factors are those the Commission has not been able to take into account fully in formulating the guidelines," *id.* (internal quotation marks omitted), and include the factor set forth in § 5K2.6, which provides:

> If a weapon or dangerous instrumentality was used or possessed in the commission of the offense the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the dangerousness of the weapon, the manner in which it was used, and the extent to which its use endangered others. The discharge of a firearm might warrant a substantial sentence increase.

U.S.S.G. § 5K2.6. "Even an encouraged factor is not always an appropriate basis for departure, for on some occasions the applicable Guideline will have taken the encouraged factor into account." *Koon*, 518 U.S. at 94–95. "A court still may depart on the basis of such a factor but only if it 'is present to a degree substantially in excess of that which ordinarily is involved in the offense.'" *Id.* at 95 (quoting U.S.S.G. § 5K2.0 (1995)).

The district court did not plainly err by departing upward based on the fact that Thomas possessed the ammunition while taking part in a drive-by shooting. Application note 14(D) of Guidelines § 2K2.1 permits an upward departure in circumstances such as Thomas's, stating "[i]n a case in which the defendant used or

3

possessed a firearm or explosive to facilitate another firearms or explosives offense
. . . an upward departure under § 5K2.6 . . . may be warranted." U.S.S.G. § 2K2.1
cmt. n.14(D). For that reason, there was no plain error here.

Thomas also asserts an argument that he did raise before the district court at
sentencing: to wit, that the district court engaged in impermissible double counting
by departing upward under § 5K2.6 because § 2K2.1(b)(6)(B) fully accounted for the
kind of harm and seriousness of his conduct. We review this argument *de novo*. *See*
*United States v. Palmer*, 68 F.3d 52, 54 (2d Cir. 1995). "We have repeatedly held . . .
that a district court calculating a Guidelines sentence may apply multiple
Guidelines provisions based on the same underlying conduct where that is the
result clearly intended by Congress and the Sentencing Commission." *United*
*States v. Maloney*, 406 F.3d 149, 152 (2d Cir. 2005). "Moreover, we have
consistently held that double counting is permissible in calculating a Guidelines
sentence where . . . each of the multiple Guidelines sections applicable to a single
act serves a distinct purpose or represents a discrete harm." *Id.* at 153.

As noted above, Guidelines § 2K2.1's application note 14(D) permits
application of both § 2K2.1(b)(6)(B)'s four-level enhancement and the upward
departure provision under § 5K2.6. We read the application note to indicate that
Congress and the Sentencing Commission "clearly intended" to permit the district
court to apply both provisions, where appropriate, to reflect different aspects of the
same conduct. *See Maloney*, 406 F.3d at 152–53. Thus, separate from the general
conduct targeted by § 2K2.1(b)(6)(B)—simply possessing or using a firearm or

4

ammunition in connection with any felony offense—§ 5K2.6's upward departure provision targets firearms-related conduct especially likely to cause great harm-that is, possessing or using a weapon in a particularly dangerous way in the commission of an offense. For that reason, the district court did not engage in impermissible double counting when it both applied § 2K2.1(b)(6)(B)'s four-level enhancement and departed upward under § 5K2.6.

We have considered Thomas's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk