25-141
*United States v. Gibson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

PRESENT:   STEVEN J. MENASHI,
            SARAH A. L. MERRIAM
                 *Circuit Judges*,
            SANKET J. BULSARA,
                 *District Judge*.[*]

_____

UNITED STATES OF AMERICA,

            *Appellee*,

     v.                                             No. 25-141

JACQUERIE LABRONZE GIBSON,
AKA COMPTON,

            *Defendant-Appellant*.[†]

_____

_____

[*] Judge Sanket J. Bulsara of the United States District Court for the Eastern District of New York, sitting by designation.

[†] The Clerk of Court is directed to amend the caption as set forth above.

*For Defendant-Appellant*:          LUCAS M. WATSON, Law Office of Lucas M. Watson, LLC, Hartford, CT.

*For Appellee*:          JOHN T. PIERPONT, JR. (Conor M. Reardon, *on the brief*), Assistant United States Attorneys, *for* David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Nagala, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jacquerie Labronze Gibson appeals from an order of the district court sentencing him to 144 months of imprisonment for one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and for one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2).

Gibson was indicted after the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") executed a search warrant at his apartment in Hartford, Connecticut, in connection with a firearm trafficking investigation. The ATF recovered more than 90 grams of cocaine base, packaging materials, suspected cutting agents, a loaded firearm, and ammunition. During a controlled call with a government cooperator known as "J.H." and in interviews with law enforcement, Gibson admitted to selling drugs and participating in firearms trafficking. In particular, Gibson told agents that he gave J.H. narcotics in exchange for a firearm and that he served as an "avenue" for J.H. to sell firearms. *See* App'x 77-78, 84-85.

Gibson pleaded guilty to both counts. The district court held a hearing to resolve disputed factual issues relevant to calculating Gibson's sentence and issued factual findings. *See United States v. Fatico*, 603 F.2d 1053, 1057 n.9 (2d Cir.

1979). At sentencing, the district court relied on the 2018 Guidelines Manual to impose (1) a four-level enhancement under U.S.S.G. § 2K2.1(b)(5) (firearms trafficking) because Gibson procured firearms from J.H. in order to provide firearms to drug dealers, and (2) a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) (using or possessing a firearm in connection with another felony offense) because Gibson admitted to providing narcotics to J.H. in exchange for a firearm. Gibson timely appealed. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

## I

"This court 'reviews the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.'" *United States v. Richardson*, 958 F.3d 151, 153 (2d Cir. 2020) (alteration omitted) (quoting *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018)). "A district court commits procedural error where it fails to calculate the Guidelines range …, makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008). We review *de novo* the district court's application of the Guidelines. *See United States v. Rowland*, 826 F.3d 100, 116 (2d Cir. 2016). We review for clear error a district court's conclusion that a defendant's conduct "was relevant to his offense conduct." *United States v. McCray*, 7 F.4th 40, 47 (2d Cir. 2021).

Objections to the sentencing decision not raised before the district court are reviewed for plain error. *See United States v. Dorvee*, 616 F.3d 174, 179-80 (2d Cir. 2010); Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention."). To meet the plain error standard, an appellant must demonstrate that "(1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affects the fairness, integrity or public reputation of judicial

proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)); *see also United States v. Olano*, 507 U.S. 725, 731-32 (1993).

## II

In this appeal, Gibson argues that the district court made two errors. First, he argues that the district court erred by imposing enhancements under both U.S.S.G. § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). Second, he argues that the district court erred by concluding that his actions related to firearm trafficking were "relevant conduct" within the meaning of U.S.S.G. § 1B1.3. We consider each argument in turn.

## A

Gibson argues that in applying sentencing enhancements under both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B), the district court engaged in impermissible double counting. According to Gibson, both enhancements were based on the same underlying conduct—Gibson's cocaine distribution business. We conclude that the district court did not err by applying both enhancements.

We have said that "[s]imple 'double-counting'—applying more than one Guidelines enhancement based on the same conduct—is unobjectionable, and indeed commonplace." *United States v. Young*, 811 F.3d 592, 601 (2d Cir. 2016) (citing *United States v. Maloney*, 406 F.3d 149, 152-53 (2d Cir. 2005)). In other words, the same set of facts may justify the imposition of multiple enhancements, and "a district court calculating a Guidelines sentence may apply multiple Guidelines provisions based on the same underlying conduct where that is the result clearly intended by Congress and the Sentencing Commission." *Maloney*, 406 F.3d at 152. "While such calculations may involve 'double counting' in a literal sense, they do not involve *impermissible* double counting." *Id.* "[D]ouble counting is impermissible if the Guidelines instruct against it." *Young*, 811 F.3d at 601.

4

Here, the Guidelines expressly *permit* the application of enhancements under both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). Application Note 13(D) to § 2K2.1 explains that subsection (b)(5) applies when "three or more firearms were both possessed and trafficked" and "[i]f the defendant used or transferred one of such firearms in connection with another felony offense (*i.e.*, an offense other than a firearms possession or trafficking offense) an enhancement under subsection (b)(6)(B) also would apply." U.S.S.G. § 2K2.1, comment. (n.13(D)) (2018).

The district court decided that § 2K2.1(b)(5) applied because Gibson "procured firearms from JH in order to provide them to people in his 'business,' which was drug dealing. It is probable that those people engaged in drug dealing would use the firearms unlawfully, in connection with their drug trafficking." App'x 137. And the district court decided that § 2K2.1(b)(6)(B) applied because Gibson "possessed a firearm in connection with another felony offense, specifically, distribution of narcotics," based on his admission to law enforcement that he was "providing narcotics to JH in exchange for a firearm," and so "possessed the firearm in connection with another felony offense." *Id.* Given that the Guidelines provide for enhancements based on these different aspects of the same underlying conduct, the application of both enhancements was consistent with the Guidelines.

The application of both enhancements was also consistent with our precedents. In *Young*, we held that it was impermissible double counting for a district court to apply (1) an enhancement under § 2K2.1(b)(6)(B) for transferring a firearm with "reason to believe it would be used in connection with another felony" and (2) an enhancement under § 2K2.1(b)(5) for trafficking in firearms. 811 F.3d at 602. We reasoned that when the Sentencing Commission omitted from Application Note 13(D) the circumstance "in which the defendant transferred a firearm not *in connection with* another felony offense, but *with knowledge, intent, or reason to believe* it would *later* be used in connection with another felony offense," the Commission indicated "by negative implication … that when the 'trafficking' enhancement applies, a sentence may be enhanced under the in-connection-with

5

clause but not under the reason-to-believe clause" of § 2K2.1(b)(6)(B). *Id.* This conclusion, we explained, avoided a possible problem of double counting: Because § 2K2.1(b)(5) applies when the defendant transferred firearms and "knew or had reason to believe that" the recipient "intended to use or dispose of the firearm unlawfully," U.S.S.G. § 2K2.1, comment. (n.13(A)) (2018), applying both subsections (b)(5) and (b)(6)(B) pursuant to the reason-to-believe clause would be "likely in many circumstances to punish the same behavior," *Young*, 811 F.3d at 603.

In *Young* we made clear, however, that "transferring a firearm in connection with another felony offense *can* support a § 2K2.1(b)(6)(B) enhancement in 'trafficking' cases." *Id.* Thus, an enhancement under the in-connection-with clause of § 2K2.1(b)(6)(B) may permissibly be applied alongside an enhancement under § 2K2.1(b)(5) in the circumstances here. Our holding in *Young* straightforwardly resolves Gibson's challenge to the application of the two enhancements. The district court applied the enhancement under § 2K2.1(b)(6)(B) based on the "in-connection-with clause" rather than the "reason-to-believe clause," so it did not engage in impermissible double counting. *See id.* at 601. The district court did not err by applying both enhancements.

**B**

Gibson next argues that the district court erred by concluding that his actions related to firearms trafficking were "relevant conduct" with respect to his offense of conviction: unlawful possession of a firearm. We review this argument for plain error because it was not presented to the district court when Gibson had the opportunity to object at the sentencing hearing. *See Dorvee*, 616 F.3d at 179-80. Gibson acknowledges that plain error is the proper standard. *See* Oral Argument Audio Recording at 1:15.

The Sentencing Guidelines instruct the district court to consider a defendant's relevant conduct when calculating the appropriate Guidelines range. *See* U.S.S.G. § 1B1.3 (2018). Relevant conduct includes "all acts and omissions

committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant … that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." *Id.* § 1B1.3(a)(1). For "offenses of a character" requiring grouping of multiple counts pursuant to § 3D1.2(d)—which includes firearms and drug offenses—relevant conduct embraces all acts and omissions "that were part of the same course of conduct or common scheme or plan as the offense of conviction." *Id.* § 1B1.3(a)(2). Gibson does not dispute that § 1B1.3(a)(2) applies in his case, but he "contends that the alleged firearm trafficking does not arise from the same course of conduct and is not a part of the common scheme or plan of the offense he was convicted of committing," unlawful possession of a firearm. Appellant's Br. 18.

We cannot say that the district court plainly erred by concluding that Gibson's firearms trafficking activities were "relevant conduct under the guidelines." App'x 160. Offenses are "part of a common scheme or plan" when the offenses are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." U.S.S.G. § 1B1.3, comment. (n.5(B)(i)) (2018). Offenses that are not part of a common scheme or plan may "qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." *Id.* § 1B1.3, comment. (n.5(B)(ii)). The analysis "focuses … on whether [the] defendant has engaged in an identifiable 'behavior pattern' of specified criminal activity." *United States v. Silkowski*, 32 F.3d 682, 687 (2d Cir. 1994) (quoting *United States v. Perdomo*, 927 F.2d 111, 115 (2d Cir. 1991)).

It was not plainly erroneous for the district court to conclude that Gibson's firearms trafficking activities were relevant conduct because those activities were part of the same course of conduct as the offense of conviction of unlawful possession of a firearm. The record evidence demonstrated that Gibson engaged in an "identifiable behavior pattern of specified criminal activity," *id.* (internal

7

quotation marks omitted), that involved both possessing and trafficking firearms in connection with his drug dealing business. Gibson admitted to law enforcement that his "business" was dealing narcotics and that he transferred firearms to individuals in his "business." *See* App'x 82-83, 137. He admitted to providing narcotics to J.H., for whom he served as an "avenue" for trafficking firearms. *See id.* at 84-85. And Gibson allowed J.H. to display the firearms for sale at Gibson's apartment, where Gibson stored at least one other firearm and from which he distributed narcotics. *See id.* at 137. Gibson's narcotics sales and his firearm possession and trafficking were intertwined.

We conclude that the district court did not plainly err in treating the firearm trafficking activities as relevant conduct.

*     *     *

We have considered Gibson's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8