13-1094-cr
*United States v. Thorndike*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand fourteen.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

       v.                                         No. 13-1094-cr

THOMAS THORNDIKE,

    *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR THOMAS THORNDIKE:** | ANDREW B. BOWMAN, Law Offices of Andrew B. Bowman, Wesport, CT. |
| **FOR UNITED STATES OF AMERICA:** | CHRISTOPHER M. MATTEI (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Deirdre M. Daly, Acting United States Attorney, United States Attorney's Office for the District of Connecticut, Hartford & New Haven, CT. |

Appeal from a judgment of conviction, entered March 13, 2013, of the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Thomas Thorndike appeals from a judgment of the United States District Court for the District of Connecticut, sentencing him principally to 72 months' imprisonment for aiding and assisting the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2), and making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1). On appeal, Thorndike challenges the District Court's calculation of his total offense level and the substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

## BACKGROUND

Thorndike owned and operated Cornerstone Financial Services, a high-volume tax-return preparation business. From 2006 through 2009, Thorndike routinely falsified his clients' returns by fabricating deductions, resulting in illegitimate tax refunds for his clients and repeat business for Thorndike. Thorndike also offered audit insurance, under which he agreed to represent his clients in the event their returns were audited.

In December 2008, the IRS informed Thorndike that they were initiating an audit of the tax returns he had prepared during 2006 and 2007. After several of Thorndike's clients were notified by the IRS that their returns would be audited, the clients contacted Thorndike and asked him to represent them in connection with the audit. Without advising that he was the actual subject of the audit, Thorndike scheduled an appointment with each client to review, often for the first time, their 2006 and 2007 tax returns. During the review, Thorndike advised his client to create false documents to support the false entries on their returns. The clients complied with Thorndike's instructions, despite knowing the entries were false, and Thorndike then presented the false documents to the IRS.

On September 22, 2011, the grand jury returned a 28-count Superseding Indictment, charging Thorndike with a variety of tax-related offenses. On October 11, 2012, the parties appeared for trial. Following opening statements, Thorndike entered guilty pleas to one count of assisting the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2) (count 17), and one count of making and subscribing a false tax return, in violation of 26 U.S.C. § 7206(1) (count 26).

The parties appeared for sentencing on March 12, 2013. The District Court calculated that Thorndike had a total offense level of 26, resulting in a Guidelines range of 63 to 72 months'

imprisonment. The Court then imposed a sentence of 72 months' imprisonment—the statutory maximum penalty. This timely appeal followed.

**DISCUSSION**

Thorndike's principal challenge on appeal is to the District Court's calculation of his Guidelines range, specifically the application of three enhancements and denial of a reduction for acceptance of responsibility. In evaluating a decision to impose an enhancement, we review the District Court's factual findings for clear error, but review legal determinations about the applicability of the enhancement *de novo*. *United States v. Ivezaj*, 568 F.3d 88, 99 (2d Cir. 2009). Whether a defendant "has accepted responsibility is a factual question," and the district court's resolution of that question will "not be disturbed unless it is without foundation." *United States v. Taylor*, 475 F.3d 65, 68 (2d Cir. 2007) (internal quotation marks omitted).

Thorndike first contests the District Court's application of a four-level enhancement for being "an organizer or leader of a criminal activity that involved five or more participants." U.S.S.G. § 3B1.1(a). A "participant," for purposes of § 3B1.1, is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." *Id.* cmt. n.1. We reject Thorndike's contention that his clients were not "criminally responsible" in light of the District Court's finding that Thorndike's clients knowingly created false documents for Thorndike to submit to the IRS on their behalf in order to substantiate false entries on their returns. *See United States v. Brinkworth*, 68 F.3d 633, 642 (2d Cir. 1995) (participant criminally responsible because he "knew that certain income reported on the financial statements was not reported on the tax returns").

Thorndike also argues that the District Court's application of this enhancement resulted in impermissible "double counting" because it penalized the same conduct supporting the two-level enhancement he received under U.S.S.G. § 2T1.4(b)(1)(B) for being in the business of preparing tax returns. "[W]e have consistently held that double counting is permissible in calculating a Guidelines sentence where . . . each of the multiple Guidelines sections applicable to a single act serves a distinct purpose or represents a discrete harm." *United States v. Maloney*, 406 F.3d 149, 153 (2d Cir. 2005). Because Thorndike not only prepared his clients' returns, but directed them to fabricate documents for submission to the IRS, the role enhancement penalized distinct conduct.

Thorndike next challenges the two-level enhancement he received under U.S.S.G. § 2T1.4(b)(2) based on the District Court's finding that the offense "involved sophisticated means." Application Note 3 of this section defines "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense." U.S.S.G. § 2T1.4(b), cmt. n.3. As the District Court rightly found, the use of audit insurance in conjunction with the false returns, which resulted in a coordinated response to the IRS and the fabrication of documents, provided Thorndike with a sophisticated means of concealing his own

3

fraud. *See United States v. Jackson*, 346 F.3d 22, 25 (2d Cir. 2003) ("[E]ven if each step in the scheme was not elaborate, the total scheme was sophisticated in the way all the steps were linked together so that [defendant] could perceive and exploit different vulnerabilities in different systems in a coordinated way.").

We similarly find no merit to Thorndike's argument that the District Court erred in applying an enhancement for obstructing the administration of justice under U.S.S.G. § 3C1.1. This enhancement covers a range of conduct including, *inter alia*, "producing or attempting to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." U.S.S.G. § 3C1.1, cmt. n.4(C). It also applies to obstruction of civil investigations, including IRS audits, because "subsequent criminal investigations are often inseparable from prior civil investigations, and [obstruction] in the prior proceeding necessarily obstructs—if successful, by preventing—the subsequent investigation." *United States v. Fiore*, 381 F.3d 89, 94 (2d Cir. 2004). We accordingly reject Thorndike's argument that the enhancement is inapplicable because the audits at issue were conducted by civil revenue agents.

Moreover, the District Court did not engage in impermissible double counting because both the obstruction and sophisticated means enhancements relied upon similar conduct. As the District Court noted, the conduct was no simple act or series of actions to obstruct justice, but rather, was especially complex or especially intricate.

Thorndike's final procedural challenge is to the District Court's denial of a two-level reduction under U.S.S.G. § 3E1.1(a), which applies if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The District Court's determination that Thorndike did not "clearly demonstrate acceptance of responsibility" is supported by his lack of contrition at the change of plea proceeding, in a statement to the media, and at his sentencing hearing.[1]

Finally, Thorndike challenges the substantive reasonableness of his sentence. In examining this challenge, we review the length of the sentence imposed to determine whether it "cannot be located within the range of permissible decisions." *United States v. Watkins*, 667 F.3d 254, 261 (2d Cir. 2012) (internal quotation marks omitted). Having reviewed the record, Thorndike's sentence of 72 months' imprisonment, although within the relevant Guidelines range, is rather harsh in the circumstances presented here. Nonetheless, we cannot conclude that it is substantively unreasonable, substantially for the reasons given by the District Court at the defendant's sentencing

---

[1] Thorndike also makes a procedural challenge contending that the District Court erred in denying a downward departure because of the overlapping enhancements and because of his charitable work and medical condition. Yet the refusal to downwardly depart is generally not appealable, except where the Court misapprehends that it lacks the authority to do so. *United States v. Stinson*, 465 F.3d 113, 114 (2d Cir. 2006). The District Court acknowledged its authority to depart on the grounds articulated by Thorndike, but simply declined to do so.

hearing of March 12, 2013—most importantly, the need for just punishment in light of the length and scope of Thorndike's fraudulent activity.

## CONCLUSION

We have considered all of the arguments raised by Thorndike on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's March 13, 2013 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk