[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 26, 2004
THOMAS  K. KAHN
CLERK

No. 03-14031
Non-Argument Calendar
_____

D.C. Docket No. 02-00057-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES MICHAEL PHILLIPS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(March 26, 2004)**

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

James Michael Phillips appeals his 21-month sentence for failure to pay

court-ordered child support, in violation of the Deadbeat Parents Punishment Act,

18 U.S.C. § 228(a)(3).  This appeal involves a single issue: whether the district court engaged in impermissible "double counting" by adding a two-level enhancement under U.S.S.G. § 2B1.1(b)(7)(C)[1] to Phillips's base offense level.[2] We conclude that the application of § 2B1.1(b)(7)(C) does not result in impermissible double counting and, thus, affirm Phillips's sentence.

Before addressing the merits of Phillips's appeal, we first discuss § 2B1.1 and why Phillips was sentenced pursuant to § 2B1.1. As stated above, Phillips was convicted of violating 18 U.S.C. § 228(a)(3).  The commentary to U.S.S.G. § 2J1.1 states that "[f]or offenses involving the willful failure to pay court-ordered child support (violations of 18 U.S.C. § 228), the most analogous guideline is § 2B1.1." U.S.S.G. § 2J1.1, cmt. n.2.  Therefore, Phillips was properly sentenced pursuant to § 2B1.1.

Section 2B1.1, however, is not limited to those who willfully fail to pay court-ordered child support.  Rather, § 2B1.1 addresses a wide variety of crimes, including, but not limited to, larceny, embezzlement, and other forms of theft.

---

[1]All citations are to the 2002 edition of the United States Sentencing Guidelines.

[2]This Court reviews de novo Phillips's claim that the district court engaged in impermissible double counting.  See United States v. Matos-Rodriguez, 188 F.3d 1300, 1310 (11th Cir. 1999).

Although § 2B1.1(a) assigns a base offense level of six to a wide variety of crimes, § 2B1.1(b)(7)(C) provides for a two-level enhancement if the offense of conviction involves "a violation of any prior, specific judicial or administrative order, injunction, decree, or process not addressed elsewhere in the guidelines." U.S.S.G. §§ 2B1.1(a) & (b)(7)(C). The district court concluded that failure to pay court-ordered child support constituted a violation of a prior judicial order and increased Phillips's offense level by two. Phillips contends that this constitutes impermissible double counting.

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." United States v. Matos-Rodriguez, 188 F.3d 1300, 1309 (11th Cir. 1999) (internal quotations and citation omitted). Double counting is permissible, however, when (1) the Sentencing Commission intended the result, and (2) each guideline section in question "concerns conceptually separate notions related to sentencing." Id. at 1310 (internal quotations and citation omitted). This Court presumes that, unless specifically directed otherwise, the Sentencing Commission intended that separate guidelines sections be applied cumulatively. Id.

3

As stated above, § 2B1.1 provides for a base offense level of six and applies to many types of criminal offenses. The Sentencing Commission added a two-level enhancement when the theft or other type of offense involved a violation of a court order.

In United States v. Naves, 252 F.3d 1166 (11th Cir. 2001), this Court addressed a similar situation in which a defendant was convicted of carjacking. As noted in Naves, carjacking crimes are to be sentenced under § 2B3.1. See Naves, 252 F.3d at 1168; U.S.S.G. § 2B3.1, cmt statutory provisions. However, § 2B3.1 applies to more than just carjacking. Rather, § 2B3.1 provides a base offense level of twenty that applies to robberies in general. See U.S.S.G. § 2B3.1(a). It is a separate provision of § 2B3.1 that provides for a two-level enhancement if the offense involved carjacking. See U.S.S.G. § 2B3.1(b)(5).

In Naves, this Court concluded that the two-level enhancement for carjacking under the general robbery guideline did not constitute impermissible double counting. 252 F.3d at 1169. In so doing, the Naves Court stated that "[w]e must assume that the Sentencing Commission knew that the two point enhancement at issue herein would be imposed in every case involving a conviction under § 2119 [carjacking], that it intended this result, and that in effect it was creating a base level of 22 for a conviction under § 2119." Id. at 1168-69.

4

Likewise, we must assume in Phillips's case that the Sentencing Commission knew that a two-level enhancement would be applied in every conviction for willful failure to pay court-ordered child support and that the net effect was to create a base offense level of eight for convictions under § 228.

"The Sentencing Commission is authorized to provide such an enhancement as long as there is a rational relationship between the enhancement and a legitimate governmental objective." Naves, 252 F.3d at 1169 (citation omitted). The burden is on Phillips to establish that the guideline provision is irrational. Id. (citation omitted). Phillips has not met this burden.

Obviously, the Sentencing Commission could have created a separate guideline for willful failure to pay child support with a base offense of eight. The fact that the Sentencing Commission elected not to draft a separate guideline does not render the application of the two-level enhancement under § 2B1.1(b)(7)(C) irrational. Rather, it is rational for the Sentencing Commission to use § 2B1.1 to establish a base offense level of six for the culpability incident to offenses involving larceny, embezzlement, and other forms of theft. See Naves, 252 F.3d at 1169. It is also rational for the Sentencing Commission to then provided a two-level increase "to reflect the heightened seriousness" of a violation of a court order. See Naves, 252 F.3d at 1169. The Sentencing Commission was within its

statutory authority when drafting § 2B1.1(b)(7)(C) and Phillips's sentence is not the result of impermissible double counting. Therefore, we affirm Phillips's 21-month sentence.

AFFIRMED.