[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17148
Non-Argument Calendar

_____

D. C. Docket No. 07-00057-CR-CLS-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVE M. ERLAND,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 10, 2009)

Before BLACK, HULL and FAY, Circuit Judges.

PER CURIAM:

After pleading guilty, Steve M. Erland appeals his 21-month sentence for

failure to pay child support, in violation of 18 U.S.C. § 228(a)(3). On appeal, Erland challenges several of the district court's guidelines calculations.[1] After review, we affirm.

Erland challenges the calculation of his criminal history score. Erland's presentence investigation report ("PSI") assigned one criminal history point each for the following four groups of misdemeanor convictions: (1) 1992 convictions for driving under the influence ("DUI") and driving with a revoked license, for which he received a 90-day imprisonment sentence with 45 days suspended; (2) 1993 convictions for DUI and driving with a revoked license, for which he received a 30-day imprisonment sentence, with 28 days suspended, and 11 months' and 29 days' probation; (3) 1996 convictions for unlawful possession of a controlled substance and driving with a cancelled, suspended or revoked license, for which he received a one-day imprisonment sentence; and (4) a 1997 conviction for driving with a cancelled, suspended or revoked license, for which he received a 45-day imprisonment sentence.[2] Over Erland's objection, the district court scored

---

[1]We review a district court's application of the Sentencing Guidelines to the facts de novo and its factual finding for clear error. United States v. Kinard, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).

[2]For purposes of calculating a defendant's criminal history score, sentences for multiple offenses are counted as a single sentence if there is no intervening arrest between the offenses and "(A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day." U.S.S.G. § 4A1.2(a)(2)(A)-(B). Erland's 1992, 1993 and 1996 convictions were grouped together into three groups because the offenses were

2

one criminal history point for each group of convictions for a total of 4 points, which yielded a criminal history category of III.

Erland argues that these four groups of misdemeanors should not have been counted because they are more than ten years old. The problem for Erland is that the Sentencing Guidelines do not prohibit a district court from counting convictions that are more than ten years old from the time of his federal sentence. Rather, the Sentencing Guidelines prohibit the district court from counting a prior sentence that was not "imposed within ten years" of the "commencement of the instant offense . . . ." U.S.S.G. § 4A1.2(e)(2). For purposes of calculating the ten-year time period in § 4A1.2(e), the term "'commencement of the instant offense' includes any relevant conduct." U.S.S.G. § 4A1.2 cmt. n.8.

The earliest date on which Erland commenced his offense by willfully failing to pay child support was on August 15, 1993, the date the Alabama state court's order required Erland to begin paying child support. The latest Erland commenced the offense was in March 1998, the date in his indictment.[3] Erland's sentences for his misdemeanors were imposed in 1992, 1993, 1996 and 1997, all

_____

not separated by intervening arrests, and the sentences were imposed on the same day.

[3]Per the PSI, on August 3, 1993, the Alabama Circuit Court ordered Erland to pay $537 per month in child support starting on August 15, 1993. At the time of his March 2007 indictment, Erland owed approximately $54,731 in unpaid child support. However, the PSI does not indicate when Erland first failed to make his court-ordered child support payments. The indictment charged that Erland commenced his offense "before in or about March 1998."

3

within ten years of either August 15, 1993 or March 1998, and were properly counted.

Erland's argument that his 1993 and 1996 misdemeanors are expressly excluded by the Sentencing Guidelines is equally unavailing. Generally, the Sentencing Guidelines assign one criminal history point for a prior misdemeanor with a sentence of less than 60 days. See U.S.S.G. §§ 4A1.1(c), 4A1.2(c). Prior misdemeanor offenses for driving without a license or with a revoked or suspended license are counted when the sentence is for a term of probation over one year or a term of imprisonment for at least 30 days. U.S.S.G. § 4A1.2(c)(1)(A). The suspended portion of a sentence is not counted in determining the length of the term of imprisonment. U.S.S.G. § 4A1.2(b)(2).

Erland correctly points out that the unsuspended portion of his imprisonment sentences for the 1993 and 1996 convictions for driving with a revoked license were 2 days and 1 day, respectively. Also, Erland received only 11 months and 29 days of probation for the 1993 conviction and no probation for the 1996 conviction. Thus, those convictions for driving with a revoked license are not counted because their terms of imprisonment were less than 30 days and their terms of probation, if any, were less than one year. See U.S.S.G. § 4A1.2(c)(1)(A). However, other types of misdemeanors still count for one criminal history point

4

where the sentences are less than 60 days.  See U.S.S.G. §§ 4A1.1(c), 4A1.2(c).

Erland had two convictions in both 1993 and 1996 that yielded the one criminal

history point, and the 1993 DUI conviction and 1996 controlled substance

conviction each still qualify for that one criminal history point.  Therefore, the

district court properly assigned Erland one point each for his 1993 and 1996

convictions (along with one point each for his 1992 and 1997 convictions, for a

total of four points).[4]

Erland also argues that the district court erred in applying a two-level

increase in his offense level because his offense involved the violation of his 1993

child support order.  See U.S.S.G. § 2B1.1(b)(8) (providing for a two-level

increase if the offense involved "a violation of any prior, specific judicial or

administrative order, injunction, decree, or process not addressed elsewhere in the

guidelines").  Erland's argument is foreclosed by United States v. Phillips, 363

F.3d 1167 (11th Cir. 2004), which concluded that a defendant's "failure to pay

court-ordered child support constituted a violation of a prior judicial order" and

---

[4]We do not have jurisdiction to review Erland's claim that the district court erred in refusing to grant his request for a downward departure, pursuant to U.S.S.G. § 4A1.3(b)(1), because the district court recognized that it had authority to depart but chose not to do so based on the particular circumstances of Erland's case.  See United States v. Ortega, 358 F.3d 1278, 1279 (11th Cir. 2003) (stating that a district court's refusal to grant a downward departure is unreviewable on appeal unless the district court erroneously believed it lacked authority to grant a downward departure).

qualified for the two-level increase.[5] Id. at 1168.

Finally, Erland's argument that the district court erred in calculating the amount of court-ordered restitution is moot. Although the district court initially ordered Erland to pay $119,434.13 in restitution, the district court granted Erland's post-sentencing motion for reconsideration, recalculated the restitution amount and issued an amended judgment ordering restitution in the amount of $54,731.00.[6]

For all these reasons, we affirm Erland's 21-month sentence.

**AFFIRMED.**

---

[5]The two-level increase for violating a prior judicial order was codified at U.S.S.G § 2B1.1(b)(7)(C)(2002) at the time that Phillips was decided.

[6]Contrary to Erland's assertion in his reply brief, the district court had jurisdiction to rule on Erland's December 21, 2008 motion for reconsideration of the restitution calculation even though Erland filed his notice of appeal on the same day. Although a motion for reconsideration is not one of the tolling motions expressly listed in Federal Rule of Appellate Procedure 4(b)(3), we have concluded that "the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion." United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992). Erland's motion for reconsideration was timely filed because it was filed within the ten-day period for filing a notice of appeal. See id. at 1414. Thus, the notice of appeal did not divest the district court of jurisdiction until the district court entered its April 27, 2009 order granting Erland's motion for reconsideration.