[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10405
Non-Argument Calendar

_____

D.C. Docket No. 3:11-cr-00224-MMH-JBT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRYAN ROSS SPEARS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 19, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bryan Ross Spears appeals his conviction and 120-month sentence of imprisonment after pleading guilty to one count of receipt of child pornography. Spears seeks to vacate his conviction and sentence on the grounds that his trial counsel was ineffective during plea negotiations and during sentencing. Spears also contends that the district court incorrectly calculated his guideline range—applying several enhancements that he says impermissibly double counted his conduct—and abused its discretion by refusing to grant either a downward departure or a greater downward variance. After careful review, we decline to consider Spears's claims of ineffective assistance because the record is not sufficiently developed, and we affirm his sentence.

## I.

In September 2011, Spears pled guilty, under a written plea agreement, to one count of receipt of material involving the sexual exploitation of a minor, in violation of 18 U.S.C. § 2252(a)(2).

Before sentencing, the U.S. Probation Office prepared Spears's presentence investigation report ("PSR"). Using the 2011 Sentencing Guidelines, the PSR recommended a base offense level of 22, under U.S.S.G. § 2G2.2, in addition to the following offense-conduct enhancements:  (1) a two-level increase under § 2G2.2(b)(2) for material involving a prepubescent minor; (2) a four-level increase under § 2G2.2(b)(4) for material portraying sadistic or masochistic

2

conduct; (3) a two-level increase under § 2G2.2(b)(6) for using a computer to receive child pornography; and (4) a five-level increase under § 2G2.2(b)(7)(D) for having more than 600 images of child pornography. Spears's offense level was then decreased by three levels for his acceptance of responsibility, yielding a total offense level of 32. That total offense level, combined with his criminal history category of I, established a recommended guideline range of 121 to 151 months of imprisonment. Spears did not file objections to the PSR.

At Spears's sentencing, the district court adopted the PSR's guideline calculations. Defense counsel offered the testimony of a psychologist who specialized in sex offenders and sexual predators. The psychologist opined that Spears posed a low-risk of becoming a contact offender but a moderate risk of reengaging in a child-pornography offense. After hearing allocution from Spears and argument from the parties, the district court sentenced Spears to 120 months of imprisonment, one month below the low end of the guideline range. The court entered judgment in January 2012. Spears did not file an appeal at that time.

One year later, Spears, represented by new counsel, filed a 28 U.S.C. § 2255 motion to vacate his sentence, alleging ineffective assistance of trial counsel. Spears claimed that his trial counsel (1) failed to file a notice of appeal, (2) misadvised him during plea negotiations, (3) failed to object to any guideline enhancements, and (4) failed to prepare the psychologist for sentencing.

3

The district court ordered an evidentiary hearing on the first issue—counsel's failure to file a notice of appeal—and took the remaining claims under advisement. The court referred the matter to a magistrate judge, who conducted the hearing and heard testimony from Spears and his trial counsel. Following the hearing, the magistrate judge recommended that the court grant Spears's § 2255 motion based on counsel's failure to file a notice of appeal. The district court adopted the magistrate judge's recommendation, finding that an out-of-time appeal was warranted. The court denied the remaining claims without prejudice.

In accordance with the procedure for granting an out-of-time appeal, as outlined in *United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000), the district court took the following actions: (1) vacated the criminal judgment; (2) reimposed the same sentence; (3) advised Spears of all the rights associated with an appeal from any criminal sentence; and (4) advised Spears of the time for filing a notice of appeal. At Spears's resentencing, his counsel filed objections to the PSR and moved for a downward departure and variance. The district court declined to consider Spears's objections and arguments, concluding that the proceeding was limited to the reimposition of the same 120-month sentence. Spears now brings this timely appeal.[1]

---

[1] After Spears filed his brief on appeal, the government moved to dismiss a portion of his appeal, relating to the substantive reasonableness of his sentence, based on the sentence-appeal waiver in his plea agreement. In an order entered on September 8, 2016, a motions panel of this

4

## II.

Spears first argues that his trial counsel rendered ineffective assistance by misadvising him during plea negotiations and by failing both to raise any objections to the sentencing enhancements and to seek a downward variance or departure at his sentencing.

Ordinarily, we review ineffective-assistance-of-counsel claims *de novo*. *Caderno v. United States*, 256 F.3d 1213, 1216–17 (11th Cir. 2001). To establish ineffective assistance of counsel, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice in the context of a guilty plea, Spears must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

We generally do not address ineffective-assistance claims on direct appeal, however. *United States v. Puentes-Hurtado*, 794 F.3d 1278, 1285 (11th Cir. 2015). In most cases, "there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v.*

Court granted the government's motion to dismiss as to Spears's challenge to the substantive reasonableness of his sentence. We note that our enforcement of the sentence-appeal waiver in Spears's plea agreement does not preclude Spears from alleging in a § 2255 motion that counsel's ineffective assistance rendered his plea agreement unknowing and involuntary.

5

*Hilliard*, 752 F.2d 578, 580 (11th Cir. 1985); *see Massaro v. United States,* 538 U.S. 500, 504–05 (2003). As a result, "[t]he preferred means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion even if the record contains some indication of deficiencies in counsel's performance." *United States v. Patterson*, 595 F.3d 1324, 1328 (11th Cir. 2010) (internal quotation marks omitted). We will, however, consider claims of ineffective assistance on direct appeal if the record is sufficiently development. *Id.*

Here, we decline to consider Spears's claims of ineffective assistance because the record is not sufficiently developed. Although Spears raised his claims of ineffective assistance in his § 2255 motion and the district court held an evidentiary hearing, the scope of the hearing was limited solely to the issue of trial counsel's alleged failure to file a notice of appeal, even if some of the testimony went beyond that narrow issue. The district court did not address his remaining claims and denied them without prejudice. While the record contains some evidence bearing on counsel's alleged deficiencies, it is not sufficiently developed to allow us to address his claims of ineffective assistance. *See Patterson*, 595 F.3d at 1328–29 (declining to consider a claim of ineffective assistance relating to sentencing matters on direct appeal). "We think the best course is to allow [Spears], if he wishes, to file a motion to vacate under 28 U.S.C. § 2255, and to

6

have the necessary evidence on the performance and prejudice prongs of *Strickland* and *Hill* presented in that proceeding." *See Puentes-Hurtado*, 794 F.3d at 1285.

## III.

Spears next argues that the district court legally erred in calculating his guideline range. Ordinarily, we review *de novo* the district court's legal interpretation of the Sentencing Guidelines, including double counting challenges. *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010); *United States v. Dudley,* 463 F.3d 1221, 1225–26 (11th Cir. 2006) (double counting). When a challenge to a guideline-calculation issue is raised for the first time on appeal, however, we review for plain error only. *United States v. Bennett*, 472 F.3d 825, 831 (11th Cir. 2006). Under plain-error review, an error must both be plain and affect the defendant's substantial rights before we may exercise our discretion to correct it. *See id.*

Plain-error review applies in this case because Spears did not object to the court's guidelines calculations at his original sentencing. Spears's counsel's attempt to raise objections at his resentencing under *Phillips*, though understandable and conscientious, was not effective to preserve the issues for review.[2] "Under *Phillips*, the district court was required to re-sentence [the

---

[2] Similarly, because Spears's request for a downward departure was raised for the first time at his resentencing, when the district court was not permitted to consider it, we reject

7

defendant] to the same sentence originally imposed, and was not required to hold a re-sentencing hearing." *United States v. Parrish*, 427 F.3d 1345, 1348 (11th Cir. 2005). The point of the § 2255 remedy when a defendant is denied the opportunity to appeal because of ineffective counsel is simply "to put the defendant back in the position he would have been in had his lawyer filed a timely notice of appeal." *McIver v. United States*, 307 F.3d 1327, 1330–31 (11th Cir. 2002) (internal quotations and citation omitted). Had trial counsel filed a timely notice of appeal and raised the same issues on appeal, we would have reviewed them for plain error. In any case, Spears has not shown that the district court erred, plainly or otherwise.

## A. *Impermissible Double Counting*

Spears first contends that the district court, in calculating his guideline range under U.S.S.G. § 2G2.2, engaged in impermissible double counting. In Spears's view, double counting occurred because the bare elements of his § 2252(a)(2) offense, which produced his base offense level of 22, also triggered various increases to his guideline range. He specifically contends that three of his enhancements—§ 2G2.2(b)(2) (material involving a prepubescent minor), § 2G2.2(b)(4) (portrayal of sadistic or masochistic conduct or other depictions of

without further discussion Spears's contention that the district court abused its discretion in denying a downward departure.

violence), and § 2G2.2(b)(6) (use of a computer)—impermissibly double counted conduct that constituted an element of his offense.

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226–27 (11th Cir. 2006) (quotation marks omitted). In the absence of specific instructions, "we presume that the Sentencing Commission intended separate guidelines sections to apply cumulatively." *Id.* To prevail on a double-counting challenge, a defendant must show that the guideline sections in question do not concern "conceptually separate notions relating to sentencing." *See id.* (quotation marks omitted).

Initially, the fact that Spears's sentence may have been increased based on conduct that constituted an element of the offense does not mean that impermissible double counting occurred. Conduct that constitutes an element of the crime may be the proper subject of a separate enhancement so long as the base offense level set by the guideline does not specifically address the same conduct. *United States v. Bracciale*, 374 F.3d 998, 1009–10 (11th Cir. 2004); *United States v. Phillips*, 363 F.3d 1167, 1168–69 (11th Cir. 2004); *United States v. Naves*, 252 F.3d 1166, 1168–69 (11th Cir. 2001).

9

Thus, our inquiry is whether the base offense level in § 2G2.2 addresses the harms accounted for by the various sentencing enhancements in other parts of that guideline. And, recently, in *United States v. Cubero*, 754 F.3d 888 (11th Cir. 2014), we held that it did not. After comprehensively reviewing the structure of § 2G2.2, we held that the Sentencing Commission did not intend "the base offense level to completely capture all of the possible harms associated with [distributing or receiving] child pornography." *Id.* at 895. Rather, the guideline is structured so that the range of harms associated with certain child pornography offenses "can be addressed through various offense level increases and decreases," including those at issue here. *Id.*

In *Cubero*, we explained that the base offense level in § 2G2.2 "covers multiple possible violations of 18 U.S.C. § 2252(a)(2)." *Id.* at 894. To help sentencing courts differentiate the severity of the defendant's conduct and the harm it caused, "§ 2G2.2 draws many distinctions based on the defendant's conduct." *Id.* at 895. The guideline instructs courts to increase the base offense level where, as here, (a) the pornography involved a minor younger than twelve; (b) the pornography portrayed sadistic or masochistic conduct or other depictions of conduct; (c) the defendant used a computer; and (d) the number of images was substantial. *Id.* All of these offense-level increases are intended to "apply cumulatively." *Id.* at 894.

10

Here, Spears's enhancements address distinct harms not fully accounted for in his base offense level. The enhancement for material involving a minor younger than twelve, § 2G2.2(b)(2), applies to a narrower category of pornography than § 2252(a)(2) does. *See* 18 U.S.C. § 2256(1) (defining a "minor" for purposes of the statute as "any person under the age of eighteen years"). Likewise, the enhancement for "sadistic or masochistic conduct or other depictions of violence," § 2G2.2(b)(4), applies to a narrower category of pictures than § 2252(a)(2) does. *United States v. Hall*, 312 F.3d 1250, 1262–63 & n.17 (11th Cir. 2002); *see* 18 U.S.C. § 2256(2) (defining "sexually explicit conduct" in various ways). The same reasoning applies to the enhancement for use of a computer, § 2G2.2(b)(6), since a computer is not required to violate § 2252(a)(2). *United States v. Reingold*, 731 F.3d 204, 226 (2d Cir. 2013). In sum, because the Sentencing Commission intended the various offense-level increases to apply cumulatively and they reach distinct aspects of conduct not accounted for in Spears's base offense level, the district court did not impermissibly double count conduct when calculating Spears's guideline range. *See Cubero*, 754 F.3d at 894–95.

## B.    *The Sentencing Commission's Report to Congress*

In February 2013, after Spears's sentencing in January 2012, the U.S. Sentencing Commission released a report to Congress on the child pornography sentencing guidelines. *Cubero*, 754 F.3d at 898 (discussing United States

11

Sentencing Comm'n, *Special Report to Congress: Federal Child Pornography Offenses* (Dec. 2012)).  Among other findings, the Commission concluded that U.S.S.G. § 2G2.2 should be revised because it did not adequately account for the average offender's use of modern technology, did not account for some offenders' involvement in sexually dangerous behavior, and produced sentencing ranges that were too harsh for some but too lenient for others.  *Id.* at 898–99.  The report questioned "the appropriateness of the current guidelines scheme in § 2G2.2 for non-production cases where the offender used peer-to-peer file sharing and the Internet to receive and distribute pornography."  *Id.* at 899.  Recognizing that, unlike many guideline provisions, § 2G2.2 was promulgated pursuant to specific congressional directives, the Commission concluded that Congress should enact legislation granting the Commission express authority to amend the guideline.  *Id.*

Relying largely on the Commission's report, Spears contends that the district court should not have applied the enhancements to his sentence.  He criticizes the district court for failing to take into account the fact that the enhancements applied in his case—"*e.g.*, use of a computer, material involving children under 12 years of age, number of images"—can be "expected to apply in almost every case."  He claims that the number-of-images enhancement is not supported by logic or evidence and has no "correlation to the severity of [the defendant's] case, [his] sophistication as a user, or [his] threat of future recidivism."  Finally, he asserts

12

that the computer enhancement should not apply because it was "intended to apply only to traffickers of child pornography," not just anyone who used a computer to view child pornography.

However, as we held in *Cubero*, the Commission's report did not render § 2G2.2 "invalid or illegitimate," nor did it alter the district court's duties to calculate the advisory guideline range under § 2G2.2. *Id.* at 900. Thus, "[w]hile a district court may certainly consider the 2013 report in choosing the ultimate sentence," the report changed nothing about the district court's responsibility to accurately calculate the guideline range. *Id.* Likewise, the report did not alter this Court's duties in reviewing sentences based on § 2G2.2, nor did it abrogate "binding precedent about § 2G2.2 in this Circuit." *Id*.

Here, Spears makes no argument that the district court erred in failing to apply the plain language of § 2G2.2 to the facts of his case. *See United States v. Hall*, 704 F.3d 1317, 1321 (11th Cir. 2013) ("We will not rewrite the guidelines by reading definitions more broadly than their plain language indicates."). Rather, his arguments amount to policy disagreements with § 2G2.2. But because the district court was required to apply that guideline as written, the court did not err in calculating his guideline range. Spears's challenge to the number-of-images enhancement fails because a lack of "empirical evidence is not an independent

13

ground that compels the invalidation of a guideline." *United States v. Snipes*, 611 F.3d 855, 870 (11th Cir. 2010).

In sum, Spears's has not shown that the district court erred in calculating his advisory guideline range under § 2G2.2.

## IV.

Finally, Spears argues that the district court should have granted a greater downward variance from the guideline range based on his lack of criminal history, his acceptance of responsibility, and his efforts to obtain counseling and treatment.[3] We review the imposition of a sentence with a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We consider "whether a sentence is substantively unreasonable under the totality of the circumstances and in light of the 18 U.S.C. § 3553(a) factors." *United States v. Johnson*, 803 F.3d 610, 618 (11th Cir. 2015).

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the

---

[3] We doubt this issue is properly before us in light of our prior order granting the government's motion to dismiss the portion of Spears's appeal challenging the substantive reasonableness of his sentence based on the sentence-appeal waiver in his plea agreement. The government does not raise the point and has briefed the issue, however, so we proceed to resolve Spears's challenge to the length of his sentence.

public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider various other factors in deciding on an appropriate sentence in a particular case. *See id.* § 3553(a)(1), (3)–(7).[4]

The district court must consider all of the § 3553(a) factors, but it may, in its discretion, give greater weight to some factors over others. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts." *Id.* at 1256.

Here, the district court did not abuse its discretion because the 120-month sentence of imprisonment is substantively reasonable. The court plainly recognized that it had the authority to vary from the guideline range but concluded that a significant downward variance was not appropriate in Spears's case. In explaining the reasons for its chosen sentence, the court noted the seriousness of the offense, which included images of children being brutalized" and chat logs showing that Spears had fantasized in graphic detail about raping and sodomizing young children, the severe impact on the victims who were used to produce the child pornography, the psychologist's testimony that Spears posed a moderate risk

---

[4] These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.

15

of reoffending with regard to child pornography, and the psychologist's testimony that Spears had the impulse control to prevent himself from engaging in conduct which he knew was wrong.  In light of these facts, the court concluded that a 120-month sentence was sufficient, but not greater than necessary, to reflect the seriousness of the offense, to accomplish deterrence, and to protect the public from potential future criminal conduct by Spears.  18 U.S.C. § 3553(a).  The weight to be given the § 3553(a) factors was a matter for the district court, and Spears has not shown that his sentence was unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded to sentencing courts."  *See Rosales-Bruno*, 789 F.3d at 1254, 1256.

Spears contends that we must vacate his sentence to allow the district to resentence him in light of the Sentencing Commission's report to Congress.  But we rejected the same argument in *Cubero*.  *See Cubero*, 754 F.3d at 900.  As we said there, "Nothing in the Commission's 2013 report altered our appellate duties in reviewing a § 2G2.2-based sentence or the district court's sentencing duties or discretion in any way."  *Id.*  Here, as in *Cubero*, the district court properly calculated Spears's guideline range and imposed a substantively reasonable sentence.  Accordingly, we affirm his sentence.

16

## V.

For the reasons stated, we decline to consider Spears's claims of ineffective assistance of counsel, and we therefore **AFFIRM** his conviction.  We **AFFIRM** Spears's 120-month sentence as both procedurally and substantively reasonable.

**AFFIRMED.**