[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13925
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00086-CEM-GJK-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TROY ALEX FREEMAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2019)

Before MARTIN, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Troy Freeman appeals his 84-month sentence, an upward variance from his applicable Sentencing Guidelines range, which the district court imposed after he pled guilty to a single count of being a felon in possession of ammunition. After careful review, we affirm.

## I.

Freeman pled guilty to a single count indictment charging him with being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g), 924(a)(2). In anticipation of sentencing, the probation office prepared a presentence investigation report ("PSR"). According to the PSR, Freeman's long-time girlfriend and the mother of his children called 911 to report that her boyfriend had held a gun to her head and threatened to shoot her. Police arrived on the scene and found Freeman's girlfriend and her children hiding in a bedroom. The police found a loaded firearm hidden under a mattress in Freeman's son's room. Freeman's girlfriend identified the gun as the one Freeman used to threaten her, and Freeman admitted that the gun was his.

The PSR applied a base offense level of 14 under U.S.S.G. § 2K2.1. It applied two enhancements—a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possession of the ammunition in connection with a felony (aggravated assault) and a two-level enhancement under U.S.S.G. § 3A1.1(b)(1) because the offense was committed on a vulnerable victim—a two-level reduction

2

for acceptance of responsibility, and a one-level reduction for timely notifying authorities of his intention to plead guilty.  As a result, his total offense level was 17.

Freeman had a criminal history category of IV.  The PSR detailed his criminal history, which included three convictions for unlawful possession of firearms, two convictions for possession of drug paraphernalia, a conviction for possession of cannabis, and a conviction for acquiring a firearm from a licensed firearms dealer with false statements.  The PSR included two additional convictions for robbery, for which Freeman received no criminal history points.  A footnote in the PSR indicated that the robberies, which were committed in St. Thomas, U.S. Virgin Islands, were not scored because hurricanes had destroyed archived records of the offenses.

Freeman's total offense level and criminal history category resulted in a guidelines range of 37-46 months' imprisonment with a statutory maximum sentence of 10 years under 18 U.S.C. § 922(g)(1).  Despite this calculation, the probation office recommended a sentence of 60 months' imprisonment because Freeman's criminal history likely was underrepresented by his guidelines range.

Both the government and Freeman submitted memoranda prior to sentencing.  The government argued that had the PSR accounted for Freeman's robberies in the Virgin Islands, his criminal history category would have been V,

resulting in a guidelines range of 84-105 months' imprisonment.  It therefore requested an upward variance of at least 60 months' imprisonment.  Freeman objected to both enhancements to his offense level, disputed the events leading up to his girlfriend's 911 call, and requested a sentence at the low end of his guidelines range.

At sentencing, the district court overruled Freeman's objection to the four-level enhancement for possession of the ammunition in connection with another felony offense but sustained his objection to the two-level vulnerable victim enhancement.  The court therefore found that Freeman had a total offense level of 15, a criminal history category of IV, and a resulting guidelines range of 30-37 months' imprisonment.  Freeman, through counsel, expressed remorse and suggested that he needed treatment and counseling rather than incarceration.  The government, conversely, argued that an above-guidelines sentence was warranted because Freeman's guidelines range underrepresented his criminal history, Freeman was on supervised release for a prior felon-in-possession conviction when he committed the instant offense, and Freeman had made similar arguments in mitigation in that case, the result of which he received only 15 months' imprisonment, a significant downward variance.

The district court explained that it had reviewed Freeman's criminal history and the factors set forth in 18 U.S.C. § 3553(a).  Specifically, it noted the severity

4

of Freeman's criminal history, including the robberies, and that Freeman's conduct harmed and endangered his children.  The district court imposed a sentence of 84 months' imprisonment, a 47-month upward variance from the top of Freeman's guidelines range.

This is Freeman's appeal.

## II.

We review the reasonableness of a sentence under a deferential abuse of discretion standard, considering the totality of the circumstances and the sentencing factors set forth in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 41 (2007).  Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of § 3553(a)(2)—the need to reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid

unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The party challenging a sentence bears the burden of proving the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A district court imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc); *see United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (explaining that a sentencing court's "single-minded[]" focus on one factor to the detriment of other relevant sentencing factors "is a symptom of an unreasonable sentence" (internal quotation marks omitted)).

Although generally the weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008), a district court commits a clear error of judgment when it "considers the proper factors but balances them unreasonably" and imposes a sentence that "does not achieve the purposes of sentencing as stated in § 3553(a)," *Irey*, 612 F.3d at 1189-90 (internal quotation marks omitted). We will vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in

6

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.* at 1190 (internal quotation marks omitted).

## III.

Freeman argues that his sentence was substantively unreasonable because it was significantly higher than his guidelines range and the above-guidelines sentence of 60 months requested by the probation office and the government. Specifically, he argues that by varying upward based on his criminal history—much of which came from firearms offenses—and his use of the firearm to threaten his girlfriend, the district court essentially double-counted because his guidelines range already accounted for his firearms history and the aggravated assault of his girlfriend.

Regardless of whether we would have imposed the same term of incarceration had we been tasked with sentencing Freeman in the first instance, we cannot say that the district court abused its discretion in imposing a sentence of 84 months. In addition to taking Freeman's firearms offenses into account, the district court noted the two robberies from the Virgin Islands when it concluded that the applicable guidelines range underrepresented Freeman's criminal history.[1] As to

---

[1] Freeman does not challenge the district court's consideration of the robbery offenses in crafting his sentence.

the aggravated assault of Freeman's girlfriend, the district court stated that an upward variance was warranted because of the need to protect Freeman's *children* from violence, not because Freeman threatened his girlfriend. These considerations are distinct and not, therefore, akin to double-counting. *See United States v. Phillips*, 363 F.3d 1167, 1168 (11th Cir. 2004) ("Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." (internal quotation marks omitted)). And, in any event, "a district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement." *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010). Thus, to the extent the district court relied on facts that formed the basis for his criminal history and guidelines enhancements to vary upward from the applicable guidelines range, the court was within its discretion to do so.

Freeman has not met his burden of showing that his sentence is substantively unreasonable. We therefore affirm the sentence the district court imposed.

**AFFIRMED.**

8